Robert PARTEE, Petitioner–Appellant,

v.

Jimmy STEGALL, Warden, Respondent–Appellee.

No. 00–1318.

United States Court of Appeals, Sixth Circuit.

April 30, 2001.

Before MARTIN, Chief Judge; MOORE, Circuit Judge; O'MALLEY, District Judge.*

## ORDER

Robert Na'il Partee appeals pro se from a district court judgment that dismissed his habeas corpus petition filed under 28 U.S.C. § 2254. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

Partee was sentenced to life imprisonment after being convicted of first-degree murder and a felony-firearm offense, violations of Mich. Comp. Laws §§ 750.316 and 750.227b. In affirming that sentence, the state court of appeals described the basic facts in his case as follows:

> [D]efendant Robert Edward Partee, was found guilty as charged of first-degree murder, M.C.L. § 750.316 ..., and felony-firearm, M.C.L. § 750.227b....
>
> Defendant's convictions arose out of events on July 18, 1979, at the Democratic Club, a private club in Detroit. The events culminated in the murder of three people and their subsequent decapitations.

*Michigan v. Partee*, 130 Mich.App. 119, 342 N.W.2d 903, 904 (Mich.Ct.App.1983).

In his amended § 2254 petition, Partee primarily alleged: 1) that the trial court restricted the examination of a witness; 2) that his case should have been severed; 3) that he should have been granted a continuance or change of venue; 4) that the jury should have been sequestered; 5) that he was denied a fair trial by these errors;

---

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

and 6) that he had been convicted of second-degree murder, rather than murder in the first degree. The district court adopted a magistrate judge's report, and dismissed the case on February 29, 2000. It is from this judgment that Partee now appeals.

■ We review the denial of Partee's § 2254 petition *de novo*, accepting the district court's factual findings if they are not clearly erroneous. *See Seymour v. Walker*, 224 F.3d 542, 549 (6th Cir.2000). The court issued a certificate of appealability that was limited to Partee's sixth claim, as enumerated above. Hence, our review is limited to that claim. *See id.* at 561.

■ Partee alleged that the Michigan Department of Corrections enhanced his conviction to first-degree murder, when he was actually convicted of murder in the second degree. This claim is based on an error in the trial court's mittimus, which indicated that he had been convicted of "MURDER I," under Mich. Comp. Laws section "750 .317." The error is apparent because § 750.317 refers to second-degree murder, and first-degree murder is prohibited by § 750 .316.

Partee's claim lacks merit because the state appellate court's factual finding that he had been convicted of first-degree murder was not unreasonable. *See* 28 U.S.C. § 2254(d)(2). Partee was charged by information with first-degree murder, and his case was sent to trial after a probable cause hearing on that offense. The trial court read the information to the jury and instructed them on first-degree murder. Moreover, the jury's stated verdict and the sentencing court's statements leave no doubt that Partee was convicted of first-degree murder.

■ Partee's briefs could be construed as containing a conclusory argument that there was insufficient evidence to support his conviction. This claim was not effectively raised in his habeas corpus petition, and we will not reach it for the first time on appeal. *See Barker v. Shalala*, 40 F.3d 789, 793–94 (6th Cir.1994). Partee also argues that he was entitled to further discovery and an evidentiary hearing on his claims. However, he did not file any objections to the magistrate judge's orders that denied his motions for discovery and a hearing. Thus, he has waived this argument for purposes of appellate review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995). Nevertheless, we note that the existing record was adequate to resolve Partee's claims.

Accordingly, all pending motions are denied and the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.